# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-4533 PA (SSx) | Date | June 28, 2018 |
|---|---|---|---|
| Title | Robert J. Kulick v. Steven Rein | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a "First Amended Complaint; and, Motion in Opposition to the Court's 6-6-18 Civil Minutes-General Order" filed by plaintiff Robert J. Kulick ("Plaintiff"), who is appearing pro se. (Docket No. 11 ("FAC").) On June 6, 2018, the Court dismissed with leave to amend Plaintiff's original Complaint for failure to adequately allege this Court's jurisdiction. (Docket No. 8.) The Court gave Plaintiff until June 25, 2018 to file a first amended complaint. Plaintiff timely filed this FAC.

Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). The Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction." C.D. Cal. L.R. 8-1. In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Plaintiff's original Complaint alleged that federal question jurisdiction applied to this case. Plaintiff asserts no other basis for jurisdiction in his FAC. "Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (quoting 28 U.S.C. § 1331). "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for So. Cal., 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under"

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4533 PA (SSx) | Date | June 28, 2018 |
|---|---|---|---|
| Title | Robert J. Kulick v. Steven Rein | | |

federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

As an initial matter, when dismissing the original Complaint, the Court explained that amended complaints supercede prior complaints, and that Plaintiff would need to allege all material facts in the first amended complaint, if Plaintiff chose to file one. (June 6, 2018 Order at 3 (citing Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002 (9th Cir. 2015)).) Plaintiff's FAC responds that "there were sufficient facts for this Court in Plaintiff's IV. Statement of Facts to establish federal subject matter jurisdiction which were a short & plaint statement(s), & Exhibit A, now makes the original Complaint existent moving forward & contrary to the Court's circuit contention that an 'amended complaint supercedes the original[,'] nothing supercedes the Plaintiff's rights under the U.S. Constitution & Bill of Rights . . . ." (FAC at 1–2 (errors in original).) Attached as Exhibit A to the FAC is a copy of Plaintiff's original Complaint. Thus, it appears that Plaintiff intends to stand by his original Complaint, though his FAC provides supplemental argument for why this Court has jurisdiction. The Court considers allegations in both the Complaint and FAC to discern whether this Court has jurisdiction over Plaintiff's action.

Plaintiff's original Complaint alleged claims against defendant Steven Rein ("Defendant"), Plaintiff's former attorney, for (1) blackmail, (2) breach of contract, (3) malpractice, and (4) "pro per." Plaintiff reiterates these as his claims in his FAC. Each of these causes of action, to the extent such a cause of action exists, arises under state law. Furthermore, it is not "clear" that any of these claims raises a federal question. In his FAC, Plaintiff adds that some of Defendant's conduct which forms the basis of Plaintiff's claims was executed by mail sent via United States Postal Service, and that this fact renders his claims federal in nature. There is no legal basis for this assertion. In addition, while Plaintiff alleges in his Complaint that his constitutional rights were violated, such assertions are insufficient to convert his state law claims into federal ones. The Court finds that Plaintiff's claims do not arise under federal law, and thus federal question jurisdiction does not apply. Nor is it apparent that any other basis for this Court to exercise jurisdiction exists. Accordingly, the Court dismisses this action for lack of subject matter jurisdiction.

In the alternative, to the extent Plaintiff's references to purported constitutional violations could be construed as a claim under 42 U.S.C. § 1983, such a claim could not possibly succeed. "Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 102 S. Ct. 2744, 2747 (1982); see 42 U.S.C. § 1983. Here, Plaintiff has alleged no facts to suggest that Defendant acted under color of law. See Polk Cnty. v. Dodson, 454 U.S. 312, 319 n.9, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (private attorneys do not act under color of state law); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law. Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4533 PA (SSx) | Date | June 28, 2018 |
|---|---|---|---|
| Title | Robert J. Kulick v. Steven Rein | | |

of due process are insufficient."). Accordingly, even if the Court were to construe Plaintiff's allegations as asserting a claim under § 1983, such a claim would be dismissed, and the Court would decline to exercise supplemental jurisdiction over any remaining state law claims. See 28 U.S.C. § 1367(c)(3).

Because Plaintiff has not adequately alleged this Court's jurisdiction, nor could he allege a claim for constitutional violations against Defendant, the First Amended Complaint is dismissed without leave to amend. To the extent Plaintiff's FAC was intended to also constitute a motion for relief, as suggested by its caption, it is denied as moot. Accordingly, the action is dismissed.

IT IS SO ORDERED.